**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone:  (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CLAYTON MARSHALL**,<br>                              Plaintiff,<br>        vs.<br><br>**R.L.K. AND COMPANY**, an Oregon corporation d/b/a Timberline Lodge, Timberline Ski Area, Timberline Property Management, Summit Chevron, and Mt. Hood Brewing Company at Tilikum Station,<br><br>                              Defendant. | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br><br>Demand for Jury Trial |

**COMPLAINT—INDIVIDUAL AND CLASS AND COLLECTIVE ACTION**

Plaintiff Clayton Marshall complains against R.L.K. and Company, an Oregon

corporation doing business under several names, including Timberline Lodge,

Timberline Ski Area, Timberline Property Management, Summit Chevron, and Mt.

Hood Brewing Company at Tilikum Station (defendant referred to herein as

"TIMBERLINE").

**PRELIMINARY STATEMENT**

1.

This is an individual and class and collective action under state and federal laws for

certain present and former employees of TIMBERLINE to recover unpaid wages,

penalty wages, statutory damages, non-economic damages, liquidated damages,

punitive damages, and attorney fees, costs, and disbursements (and pre-judgment

interest thereon), as well as equitable and declaratory relief. All allegations herein are

made to the best of plaintiff's and his counsel's good-faith knowledge, information, and

belief, based upon the evidence available to them at this time, before the parties have

had the chance to conduct full discovery, and plaintiff reserves the right to amend the

allegations following completion of discovery.

## JURISDICTION AND VENUE

### 2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29

U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question),

28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce), and 28

U.S.C. § 1367 (Supplemental Jurisdiction).

### 3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because

plaintiff and the class and collective members were employed by TIMBERLINE in this

district, and the acts and omissions that are the subject of this suit transpired in this

district.

## PARTIES

### 4.

At all material times, plaintiff was a resident and citizen of the State of Oregon. At all

material times, plaintiff and the class and collective members were employees of

TIMBERLINE.

**Class and Collective Allegation Complaint**                                    Page 2

## FACTS CONSTITUTING CLAIMS FOR RELIEF

### Wrongful Deductions

5.

Under Oregon law, employers are only authorized to deduct amounts from employees' wages that are required by law. Yet on multiple occasions, TIMBERLINE refused to update its deductions to reflect applicable reductions in the Oregon Workers' Benefit Fund assessment rate, resulting in overdeductions from plaintiff's and the class members' wages. Those overdeductions were all illegal.

### Unpaid Breaks

6.

Under Oregon law, employers are required to pay for breaks of less than 30 minutes. TIMBERLINE did not do so. This has resulted in underpayment of wages to plaintiff and the other class members.

### Tip Theft

7.

TIMBERLINE required plaintiff and the other class and collective members to contribute all of the tips and gratuities to a tip pool. TIMBERLINE kept all of the tip pool documents secret, so that no one knew whether or when those moneys ever got paid, or to whom. The employees simply had to trust TIMBERLINE to distribute the tip pool money correctly and not take advantage of them. TIMBERLINE was thus in the position of bailor, fiduciary, and trustee with regard to those tip pool funds. The tip pool funds constituted a specific, earmarked fund capable of identification, held in trust for the beneficiary employees. As such, TIMBERLINE required plaintiff and the class and collective members to participate in an illegal tip pool, in which tips were taken from

**Class and Collective Allegation Complaint**                     Page 3

those to whom they were given and allegedly given to employees who worked in non-customarily tipped occupations and/or managers, supervisors, and/or one or more other statutory employers. On information and belief, TIMBERLINE may have kept some of those tips that it was purportedly giving to back-of-the-house staff.

## COLLECTIVE ALLEGATIONS

### 8.

TIMBERLINE engaged in acts and practices that violated the collective members' rights under the FLSA. In addition to bringing this action individually on behalf of himself, therefore, plaintiff also brings this action on behalf of all current and former employees who are similarly situated. Plaintiff alleges that he and the other collective members received less than the tips that were due to them under 29 U.S.C. § 203(m)(2)(B) as a result of the nonpayments indicated herein, and that he and each of the other members of the collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in TIMBERLINE employ, in violation of § 6 of the FLSA (29 U.S.C. § 206). Obviously, for plaintiff and any other employee who worked in excess of 40 hours in a given workweek, the same nonpayments will also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiff and the other collective members are similarly situated in all relevant respects.

## CLASS ALLEGATIONS

### 9.

TIMBERLINE engaged in acts and practices that violated the Oregon class members' rights. This action is brought on behalf of three classes:

1. The Wrongful Deductions Class, consisting of all current and former Oregon

employees of TIMBERLINE who had more deducted from their wages for Oregon Workers' Benefit Fund assessment than required by law;

2.  The Unpaid Breaks Class, consisting of all current and former Oregon employees of TIMBERLINE who had at least one clocked-out break of fewer than 30 minutes for which they were not paid; and

3.  The Tip Theft Class, consisting of all current and former Oregon employees of TIMBERLINE who received tips while employed in a tip-eligible occupation at a time when some or all of the tips to which they were entitled were given to back-of-the-house employees, managers, supervisors, and/or TIMBERLINE.

## NUMEROSITY

### 10.

On information and belief, each class is so numerous that joinder of all members is impracticable, consisting of an estimated 500+ employees.

## COMMONALITY

### 11.

There are questions of law and fact common to each class, which predominate over any issues involving only individual class members. The principal questions are:

a.  For the Wrongful Deductions Class, what rate TIMBERLINE withheld Oregon Workers' Benefit Fund assessments from its employees' paychecks, what rate it was supposed to withhold, whether it had notice of the proper rate, and what damages result;

b.  For the Unpaid Breaks Class, whether and to what extent meal periods and rest periods of fewer than 30 minutes are required to be paid under Oregon law, whether TIMBERLINE's policies and procedures resulted in such breaks

**Class and Collective Allegation Complaint**                                    Page 5

not being paid, and what damages result;

c.  For the Tip Theft Class, what TIMBERLINE's tip policy was, whether that policy comports with applicable state and federal law, whether and to what extent the class members are entitled to the tips and gratuities that are left for them by the customers, what the terms of any tip pool agreement were, whether TIMBERLINE breached that agreement, whether TIMBERLINE's acquisition of those tips and gratuities constitutes a bailment or trust or fiduciary relationship, whether TIMBERLINE's taking those tips and gratuities exercised unlawful dominion and control over those tips and gratuities so as to justly be required to repay the full value of the property, whether those tips and gratuities were obtained by TIMBERLINE under duress, whether the theft constitutes unjust enrichment, whether *ex aequo et bono* TIMBERLINE should have to pay the stolen tip amounts to the class members, and whether non-economic and/or punitive damages are appropriate; and

d.  Whether and which of the above violations were willful, and what remedies are available for the alleged violations.

### TYPICALITY

12.

Plaintiff's claims are typical of those of the other class members because:

a. Plaintiff is a member of each class.

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis for each class's claims.

c. All of each class members' claims are based on the same facts and legal

theories.

d. There is no antagonism between the interests of plaintiff and the members of any of the classes, because their claims are for damages provided to each class member by statute or the common law.

e. The injuries that plaintiff suffered are similar to the injuries that the members of each class suffered, and they are relatively small compared to the expense and burden of individual prosecutions of this litigation.

f. The prosecution of separate actions by the class members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of class members who are not parties to such separate adjudications.

## ADEQUACY OF REPRESENTATION BY PLAINTIFF

13.

Plaintiff will fairly and adequately protect the interests of each class because:

a. There is no conflict between plaintiff's claims and those of the members of any class.

b. Plaintiff has retained counsel experienced in handling class and collective actions involving wage and hour law and tip theft, who will vigorously prosecute this litigation.

c. Plaintiff's claims are typical of the claims of the members of each class in that their claims stem from the same practice and course of conduct that forms the basis of each class's claims.

## FIRST CAUSE OF ACTION

### Oregon unpaid wages

14.

All previous paragraphs are incorporated by reference herein.

15.

Pursuant to ORS 652.120, TIMBERLINE was required to pay plaintiff and the class members all wages due, when those wages were due, but willfully failed to do so.

16.

Plaintiff and the class members are entitled to collect the wages due in an amount to be proven at trial, together with attorney fees and costs per ORS 652.200, as well as pre-judgment interest.

## SECOND CAUSE OF ACTION

### Wrongful deductions

17.

All previous paragraphs are incorporated by reference herein.

18.

Pursuant to ORS 652.610, TIMBERLINE was prohibited from deducting certain amounts from plaintiff's and the class members' paychecks but willfully did so.

19.

Plaintiff and the class members are entitled to the greater of $200 statutory damages or actual damages in an amount to be proven at trial, pursuant to ORS 652.615, together with attorney fees, costs, and pre-judgment interest.

**THIRD CAUSE OF ACTION**

Oregon minimum wage

20.

All previous paragraphs are incorporated by reference herein.

21.

Pursuant to ORS 653.025, TIMBERLINE was required to pay plaintiff and the other

class members at least the amount of the applicable Oregon minimum wage for hours

worked during the time that that minimum wage was applicable, when those wages were

due, but willfully failed to do so.

22.

Plaintiff and the other class members are entitled to collect the difference between

the wages received when due and the Oregon minimum wages due in an amount to be

proven at trial, together with attorney fees and costs, as well as pre-judgment interest

and the 30 days of statutory penalty wages provided by ORS 653.055 and 652.150.

**FOURTH CAUSE OF ACTION**

Oregon overtime

23.

All previous paragraphs are incorporated by reference herein.

24.

Pursuant to ORS 653.261, TIMBERLINE was required to pay plaintiff and the other

class members at least time and a half for all hours worked in excess of 40, when those

wages were due, but willfully failed to do so.

25.

Plaintiff and the other class members are entitled to collect the difference between

the wages received when due and the Oregon overtime due in an amount to be proven at

trial, together with attorney fees and costs, as well as pre-judgment interest and the 30

days of statutory penalty wages provided by ORS 653.055 and 652.150.

## FIFTH CAUSE OF ACTION

Oregon unpaid breaks

26.

All previous paragraphs are incorporated by reference herein.

27.

Pursuant to ORS 653.261 and its implementing regulations, TIMBERLINE was

required to pay plaintiff and the class members for all clocked-out breaks (including

both rest periods and meal periods) of fewer than 30 minutes, when those wages were

due, but willfully failed to do so.

28.

Pursuant to ORS 653.055 and 652.150, therefore, plaintiff and the class members are

therefore entitled to the amount of unpaid breaks, penalty wages, and attorney fees,

costs, and disbursements, and pre-judgment interest.

## SIXTH CAUSE OF ACTION

Oregon unpaid wages upon termination

29.

All previous paragraphs are incorporated by reference herein.

30.

Pursuant to ORS 652.140, TIMBERLINE was required to pay plaintiff and the class

members all earned and unpaid wages by the statutory deadline upon each termination

of employment (given that employment was seasonal and many employees' employment

**Class and Collective Allegation Complaint**                                                    Page 10

was terminated at the end of one season only to recommence the next season) but willfully failed to do so.

### 31.

Plaintiff and the class members are entitled to collect all wages remaining due, in an amount to be proven at trial, together with attorney fees and costs per ORS 652.200, as well as pre-judgment interest, and the 30 days of statutory penalty wages provided by ORS 652.150.

## SEVENTH CAUSE OF ACTION

### Conversion

### 32.

All previous paragraphs are incorporated by reference herein.

### 33.

By misappropriating the tip pool funds entrusted to them, TIMBERLINE exercised unlawful dominion and control over the property, which completely interfered with the employees' right to control it, so that TIMBERLINE may justly be required to repay the full value of the property. This breach of bailment contract and of trust and of fiduciary responsibilities qualifies as, and is enforceable as, conversion.

### 34.

Plaintiff and the class members are entitled to recover the value of the property tortiously converted, in addition to pre-judgment interest and non-economic and punitive damages.

## EIGHTH CAUSE OF ACTION

Tortious breach of duty of good faith and fair dealing

35.

All previous paragraphs are incorporated by reference herein.

36.

Because TIMBERLINE collected all tips and gratuities from employees for the purpose of redistributing them, they had a special bailor/fiduciary/trustee relationship with the intended recipients, involving a heightened duty of care beyond and independent from that of a simple employment contract. Thus, TIMBERLINE's intentional action to deprive plaintiff and the class members of their expected contractual benefits was a tortious breach of the duty of good faith and fair dealing, and of TIMBERLINE's fiduciary obligations, which proximately caused plaintiff and the class members economic and noneconomic damage.

37.

Plaintiff and the class members are therefore entitled to economic and noneconomic damages, as well as pre-judgment interest and punitive damages.

## NINTH CAUSE OF ACTION

Unjust enrichment

38.

All previous paragraphs are incorporated by reference herein.

39.

TIMBERLINE has failed to pay to plaintiff and the class members tip pool money to which they are rightfully entitled, and TIMBERLINE has been directly and indirectly unjustly enriched and benefited thereby, and equity and good conscience demand that

**Class and Collective Allegation Complaint**                                    Page 12

plaintiff and the class members' money be returned.

40.

Plaintiff and the class members are entitled to recover in restitution the money

unlawfully taken from them, in an amount to be proven at trial, in addition to pre-

judgment interest.

## TENTH CAUSE OF ACTION

### Money had and received

41.

All previous paragraphs are incorporated by reference herein.

42.

TIMBERLINE has failed to pay to plaintiff and the class members tip pool money to

which *ex aequo et bono* they are rightfully entitled, and equity and good conscience

demand that plaintiff and the class members' money be returned to them by

TIMBERLINE.

43.

Plaintiff and the class members are entitled to the money unlawfully withheld from

them, in an amount to be proven at trial, in addition to pre-judgment interest and

punitive damages.

## ELEVENTH CAUSE OF ACTION

### FLSA tip theft

44.

All previous paragraphs are incorporated by reference herein.

45.

Pursuant to 29 USC § 203(m)(2)(B), TIMBERLINE was required to pay plaintiff and

the collective members all of their tips, or if a tip pool was mandatory, was required to ensure that no managers, supervisors, or other statutory employers took part in such tip pool. It failed to do so.

46.

Plaintiff and the collective members are entitled to collect the difference between the tips received and the tips due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees and costs of the action pursuant to 29 USC § 216(b).

### TWELFTH CAUSE OF ACTION

FLSA minimum wage

47.

All previous paragraphs are incorporated by reference herein.

48.

Pursuant to 29 USC § 206, TIMBERLINE was required to pay plaintiff and the collective members at least the applicable federal minimum wage when those wages were due, but willfully failed to do so.

49.

Pursuant to 29 USC § 216(b), plaintiff and the collective members are therefore entitled to any unpaid federal minimum wages, plus liquidated damages, and attorney fees, costs, and disbursements.

### THIRTEENTH CAUSE OF ACTION

FLSA overtime

50.

All previous paragraphs are incorporated by reference herein.

51.

Pursuant to 29 USC § 207, TIMBERLINE was required to pay plaintiff and the collective members time and a half for all hours worked in excess of 40, when those wages were due, but willfully failed to do so.

52.

Pursuant to 29 USC § 216(b), plaintiff and the collective members are therefore entitled to any unpaid overtime, plus liquidated damages, and attorney fees, costs, and disbursements.

**FOURTEENTH CAUSE OF ACTION**

Accounting

53.

All previous paragraphs are incorporated by reference herein.

54.

By collecting all tips and gratuities of all employees for the purpose of redistributing them according to the agreed-upon formula, TIMBERLINE became the bailor, fiduciary, and trustee of those funds, holding them in trust for the proper recipients. As such, TIMBERLINE owes plaintiff and the class members a duty to render an account showing in detail the items taken in and expended, when, to whom, and for what purpose, and that the account rendered and expenditures claimed were correct, just, and necessary.

55.

Plaintiff and the class members are therefore entitled to a full accounting of the tips and gratuities received and/or paid out by TIMBERLINE, and to an equitable award of any amounts to which such accounting demonstrates that they are entitled.

**Class and Collective Allegation Complaint**                    Page 15

## FIFTEENTH CAUSE OF ACTION

### Declaratory judgment

56.

All previous paragraphs are incorporated by reference herein.

57.

Plaintiff and the class members are entitled to a declaratory judgment declaring

TIMBERLINE's violations as outlined above.

## SIXTEENTH CAUSE OF ACTION

### Injunction

58.

All previous paragraphs are incorporated by reference herein.

59.

Plaintiff and the class members are entitled to a permanent injunction, enjoining

TIMBERLINE from continuing to commit the violations outlined above.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that the Court award such damages as set forth

above and in amounts to be proven at trial; award attorney fees, costs and expenses;

order an accounting; declare defendant's violations and enjoin it from committing such

violations in future; and order such further or alternative relief as the Court deems

appropriate.

DATED this 16th day of July, 2020                JON M. EGAN, P.C.

                                                 *s/ Jon M. Egan*
                                                 _____
                                                 JON M. EGAN, OSB # 002467
                                                 Attorney for Plaintiff

*s/ Clayton Marshall 7/17/20*

Clayton Marshall